UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-03801-Sanchez

UNITED STATES OF AMERICA

v.

LAKETRA LORINE CANNON,

Defendant.
_____/

FILED BY CB D.C.
Sep 18, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   /s/ Ajay Alexander
Ajay Alexander
Assistant United States Attorney
Court ID No. A5502506
United States Attorney's Office
99 N.E. 4th Street, 8th Floor
Miami, Florida 33132
Telephone: 305-961-9347
Email: ajay.alexander@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 25-mj-03801-Sanchez |
| LAKETRA LORINE CANNON, | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 17, 2025,__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with an employee of the United States while the employee is engaged in or on account of the performance of official duties |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Johny J. Corea, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __September 18, 2025__

_____
*Judge's signature*

City and state: __Miami, Florida__   Honorable Eduardo I. Sanchez, United States Magisrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Johny J. Corea, being first duly sworn, do here by depose and state that:

### INTRODUCTION AND BACKGROUND

1. I am a Special Agent with United States Immigrations and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), presently assigned to the Miami Field Office. I have been so employed since January 2023. As a Special Agent, my responsibilities include conducting investigations into firearms violations, the importation, manufacturing, distributing, or possessing of controlled substances, the smuggling of illicit goods into the United States, and related offenses. As the lead investigative agency for the Department of Homeland Security, HSI is also responsible for investigating assaults on Department of Homeland Security officers.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

3. As a Special Agent, I have attended the United States Homeland Security Investigations Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. There, I was trained in conducting investigations related to narcotics smuggling and interdiction and distribution activities. I am currently assigned to the Border Enforcement Security Task Force, where investigations conducted are related to violations of Titles 8, 18, 19, 21, and 31 of the United States Code

4. I submit this Affidavit for the limited purpose of establishing probable cause that on September 17, 2025, in the Southern District of Florida, **Laketra Lorine Cannon** (**"CANNON"**) forcibly assaulted an employee of the United States, in violation of Title 18, United States Code, Section 111(a)(1).

5. The statements contained in this Affidavit are based upon my personal knowledge, as well as information provided to me by other law enforcement officers. This Affidavit does not contain all the facts of this investigation known to me or to other law enforcement personnel. Rather, it sets forth only those facts necessary to establish probable cause.

**PROBABLE CAUSE**

6. On or about September 17, 2025, at approximately 4:00 PM, **CANNON** arrived at the Miami International Airport onboard American Airlines flight number 1400, arriving from Kingston, Jamaica. **CANNON** is a citizen of the United States and was traveling with a US passport.

7. **CANNON** was referred by US Customs and Border Protection ("CBP") for a secondary inspection so CBP could verify an active warrant out of Ohio. Once in the passport control secondary area, CBP Officer (CBPO) D. Gay noticed **CANNON** was actively using her cell phone in an area she was not allowed to. **CANNON** was advised to discontinue the use of her cell phone and put it away. **CANNON** asked what was taking so long. She was informed by CBPO M. Duque that the active warrant had to be verified and a determination of whether it was extraditable was waiting to be made with the police department that had input the record. **CANNON** was also advised that if the warrant proved to not be extraditable, that **CANNON** would be released without further incident. After approximately twenty (20) minutes, **CANNON** became visibly and verbally agitated while waiting in the passport control waiting area. CBPO Gay told CBPO Duque that he believed the reason she was angry was because she was told to put her phone away. At this time, **CANNON** screamed and stated that was not the reason she was upset. **CANNON** was advised that she had to calm down or she would be placed in a holding cell until her inspection was completed. **CANNON** continued shouting and arguing with the CBPOs stating

that she could do and say whatever she wanted. **CANNON** was eventually escorted by CBPOs Duque, Almonte, and Gay to a pat-down room.

8. In the pat down room, **CANNON** proceeded to make a fist with her hands and square up in a fighting stance and threatened the CBPOs in the room that she would hit the next person to touch her. CBPO Duque, in turn, placed her in handcuffs and the pat-down was performed by CBPOs Almonte and Gonzalez. At the completion of the pat-down, **CANNON** was forced to sit in a chair for the remainder of the inspection and kept insulting and threatening the CBPOs present. At approximately 5:22 PM, **CANNON** stated that she was pregnant and was offered EMS services if needed. **CANNON** refused. Nevertheless, Miami-Dade Fire Rescue was called in order to evaluate **CANNON**. As CBPO Duque began inspecting **CANNON's** travel bags, **CANNON** threatened to kick the CBPOs present if they got close to her once again. At this time, **CANNON** was placed on the floor and had shackles placed on her legs for officer safety. A decision was made to place **CANNON** in a holding cell for the time being.

9. CBPO Almonte and CBPO Gonzalez attempted to escort **CANNON** to the holding cells, when **CANNON** resisted by dragging her feet and attempted to lay down and restrict/slow down her movement. At this time, CBPO Gay attempted to lift and secure **CANNON's** feet so the CBPOs may carry her to the holding cells. **CANNON** began to squirm and crunch her body mid-air to where she brought her knees to her chest and kicked out her legs. In doing so, she kicked CBPO Gay in the right shoulder and face near his right temple. **CANNON** continued to squirm mid-air, prompting CBPO Duque to step in in to help secure both legs to prevent CBPO Gay from being struck once again. CBPO Gay repositioned himself to gain full control of **CANNON's** legs and all four CBPOs present proceeded to escort **CANNON** to a holding cell. As the CBPOs approached the door to the holding cell, **CANNON** attempted to spit

on the officers present. At approximately 5:30 PM, Miami-Dade EMS arrived at the holding area to examine **CANNON**. She was cleared medically.

10. Later, at approximately 08:35 PM, an HSI Special Agent and an HSI Task Force Officer read **CANNON** her Miranda rights in English, which she understood and waived by signing a Miranda waiver form. **CANNON** agreed to speak with HSI agents about the altercation without the presence of an attorney. During the interview, **CANNON** admitted to the interaction with the CBPOs where she started squirming before moving to the holding cell, but stated she was not aware if she had kicked an officer during the confrontation. **CANNON** also said that she felt the whole situation could have been avoided if the CBPOs could have behaved in a more professional manner because she was scared.

## CONCLUSION

11. Based on the information provided above, I respectfully submit that there is probable cause to believe that, on or about September 17, 2025, in Miami-Dade County, in the Southern District of Florida, **CANNON** violated Title 18, United States Code, Section 111(a)(1), by forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or employee of the United States, or of any agency in any branch of the United States Government, while such officer or employee was engaged in the performance of their duties.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JOHNY COREA
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
by Face Time this __18th__ day of September 2025.

_____
HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

4